UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LEE RONALD STEVENSON,

                Petitioner,                Case No. 1:07-cv-1210

v.                                            Honorable Gordon J. Quist

CAROL HOWES et al.,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

      I.        Factual Allegations

Petitioner Lee Ronald Sullivan presently is incarcerated with the Michigan Department of Corrections and housed at the Lakeland Correctional Facility. He currently is serving concurrent terms of 8-15 years and 2-4 years, imposed by the Montcalm County Circuit Court on July 3, 2003, after Petitioner entered pleas of nolo contendere to second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), and absconding on a bond, MICH. COMP. LAWS § 750.199a.

The case has a complicated procedural history. According to the petition and attachments, Petitioner requested an attorney on direct appeal, but the circuit court denied counsel. Petitioner, proceeding *in pro per*, filed a delayed application for leave to appeal on July 12, 2004, seeking an extension of time, in part because of his intervening federal custody of seven months, where he could have no access to his legal materials, and in part because he had difficulty obtaining a complete court file. The application was dismissed on September 10, 2004 for lack of jurisdiction because it was filed out of time. Petitioner sought reconsideration, which was denied on October 27, 2004. Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied on July 26, 2005.

On June 23, 2005, the Supreme Court decided *Halbert v. Michigan*, 545 U.S. 605 (2005). On January 24, 2006, Petitioner filed a "Halbert motion," seeking the appointment of appellate counsel for a new appeal. On November 30, 2006, the sentencing judge apparently determined that he was entitled to appellate counsel on the CSC case, but not on the absconding case. Newly appointed counsel sought leave to appeal in the Michigan Court of Appeals on

February 28, 2006.  The court of appeals denied leave on May 8, 2006 for lack of merit in the

grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court.  The Michigan

Supreme Court denied leave to appeal on November 30, 2006.  Petitioner filed no motion for relief

from judgment under MICH. CT. R. 6.500 *et seq.*

> II.      Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State
> > action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized by
> > the Supreme Court and made retroactively applicable to cases on collateral
> > review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented
> > could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that

provision, the one-year limitations period runs from "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

§ 2244(d)(1)(A).  According to the petition, Petitioner appealed his conviction to the Michigan Court

of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on

July 26, 2005.  Petitioner did not petition for certiorari to the United States Supreme Court.  The

one-year limitations period, however, did not begin to run until the ninety-day period in which

Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence*

*v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

The ninety-day period expired on Monday, October 24, 2005.

Petitioner had one year from October 24, 2005, to file his habeas application.

Petitioner filed on or about November 28, 2007.[1]  Obviously, he filed more than one year after the

time for direct review expired.

As previously noted, however, a properly filed application for state post-conviction

review or other state collateral review tolls the statute of limitations during the period the application

is pending.  *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on November 28, 2007, and it was received by the Court on November 30, 2007.  Thus, it must have been handed to prison officials for mailing at some time between November 28 and 30, 2007.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 127 S. Ct. 1079 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court.  *Id.*

On June 23, 2005, the Supreme Court decided *Halbert v. Michigan*, 545 U.S. 605 (2005), which struck down Michigan's practice of denying counsel on direct appeal to defendants who had pleaded guilty.  Petitioner filed a motion pursuant to *Halbert* on January 24, 2006.  At the time he filed his motion, 92 days of his limitations period had elapsed.  The statute was then tolled until the Michigan Supreme Court denied his application for leave to appeal on November 30, 2006. He filed the instant habeas petition, 363 days later, on November 28, 2007.  His petition, therefore, was filed 90 days beyond the statute of limitations.

Alternatively, were the Court to assume that the timeliness of the petition should be controlled by 28 U.S.C. § 2244(d)(1)(C), the petition would be even more untimely.  Under § 2244(d)(1)(C), the statute of limitations begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Id.*  The Supreme Court decided *Halbert* on June 23, 2006.  By the time Petitioner filed his *Halbert* motion on January 24, 2006, 215 days of his limitations period had expired.  As a result, after the Michigan Supreme Court denied leave to appeal his *Halbert* proceeding, on November 30, 2006, Petitioner had only 150 days remaining in which to file his petition.  As previously noted, he filed that petition

363 days later.  As a consequence his petition was filed 213 days beyond the limitations period

under § 2244(d)(1)(C).[2]

The one-year limitations period applicable to § 2254 is a statute of limitations subject

to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner

bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d

396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308

F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling

should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th

Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*,

250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has

the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way."  *Lawrence*, 127 S. Ct. at 1085 (citing *Pace

v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that

would warrant its application in this case.  The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x

373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999));

*Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an

---

[2]Petitioner also contends that, on August 11, 2005, he attempted to raise fifteen claims under the *Cain v. MDOC* settlement, ten of which allege violation of due process by the MDOC related to prisoner legal materials.  He claims he has received no correspondence from the mediator, Sandra Girard of Prison Legal Service.  Although such claims potentially may be relevant to why he delayed filing his *Halbert* motion and his habeas petition, they do not constitute a collateral attack on his judgment within the meaning of § 2244(d)(2).

incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is

not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate

opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,*

547 U.S. at 510.  This report and recommendation shall therefore serve as notice that the District

Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard

by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied

because it is barred by the one-year statute of limitations.  I further recommend that a certificate of

appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  January 30, 2008                         /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge



## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely
objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).