UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEE RONALD STEVENSON,

       Petitioner,

v.                                           Case No. 1:07-CV-1210

CAROL HOWES, et al.,                  HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       The Court has before it Petitioner's Objections to the report and recommendation dated January 30, 2008, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also concluded that Petitioner is not entitled to equitable tolling. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

       Petitioner raises several arguments regarding he magistrate judge's calculation of the one-year period in which Petitioner was required to file his petition. First, Petitioner argues that the magistrate judge erroneously concluded that Petitioner had one year from October 24, 2005, to file his habeas petition. He contends that, instead, the magistrate judge should have concluded that Petitioner had one year from November 30, 2008 – the date of the last order by the Michigan Supreme Court – to file his habeas petition. This argument fails, because the Michigan Supreme Court denied Petitioner's application for review on July 26, 2005, and, as the magistrate judge noted, the one-year period commenced ninety days later, on October 24, 2005. The Michigan Supreme

Court's November 30, 2006, order marked the end of the period of tolling after Petitioner filed his *Halbert* motion. Thus, that order simply allowed the one-year period to commence running again.

Petitioner next contends that because the magistrate judge "subtracted" 92 days from the one- year period for the time that ran between October 24, 2005, and January 24, 2006, when Petitioner filed his *Halbert* motion, he should also be allowed "credit" from the time the trial court erroneously denied him appellate counsel until the date the Supreme Court issued its decision in *Halbert* and restored Petitioner's right to appellate counsel. There is no merit to this argument. Petitioner has failed to cite any authority for granting such credit. Moreover, the time during which Petitioner's *Halbert* motion was pending was excluded from the one-year period. The magistrate judge properly calculated the running of the limitations period.

Petitioner also addresses the magistrate judge's conclusion that Petitioner is not entitled to equitable tolling. Although Petitioner requests an opportunity to present the circumstances that he contends support the application of equitable tolling to his claim, he has already been allowed such an opportunity through his objection, but he has failed to indicate that some extraordinary circumstance prevented him from filing his petition within the one-year period.

Finally, Petitioner cites and discusses *Simmons v. Kapture*, 474 F.3d 869 (6th Cir. 2007), as having some relevance to the issue of whether Petitioner's petition was timely. Petitioner's reliance on *Simmons* is misplaced for two reasons. First, the central issue in *Simmons* was whether the rule announced by *Halbert* applies retroactively, not whether the petitioner filed his habeas petition within the one-year limitations period. Second, even if *Simmons* had some relevance to the issue presently before this Court, which it does not, the original panel decision was vacated by an en banc panel in a decision issued on February 15, 2008, *Simmons v. Kapture*, __ F.3d __, 2008 WL 398300 (6th Cir. Feb. 15, 2008), holding that *Halbert* does not apply retroactively.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 30, 2008 (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated: March 13, 2008                               /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE